**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Southern Division**

| | | |
|---|---|---|
| HABAKUK NDZERRE, | * | |
| 506 Cobbler Place | | |
| Gaithersburg, MD 20877 | * | |
| | | |
| *On his behalf and on behalf* | * | |
| *of a classes of similarly* | | |
| *situated persons* | * | |
| | | |
| Named Plaintiff, | * | |
| | | |
| v. | * | Case No.: 8:18-cv-00460-PX |
| | | |
| LIBERTY POWER CORP., LLC, | * | |
| 2100 W. Cypress Creek Rd, Suite 130 | | |
| Fort Lauderdale, FL 33309 | * | |
| | | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Liberty Power Corp., LLC ("Liberty Power" or "Defendant"), by and through

counsel, moves to dismiss Plaintiff Habakuk Ndzerre's ("Mr. Ndzerre" or "Plaintiff") Complaint

in its entirety with prejudice because all counts are barred by the three-year statute of limitations.

In support thereof, Liberty Power states as follows:

I.    <u>Introduction</u>

Maryland's three year statute of limitations bars each of the five counts in Plaintiff's

putative class action complaint.  Indeed, the untimely nature of plaintiff's claims is not even a

close call.  On December 19, 2017, Plaintiff filed a putative class-action Complaint in the Circuit

Court for Montgomery County, Maryland, Case No.: 441430-V.  Plaintiff served Defendant via

certified mail on January 16, 2018.  On February 14, 2018, Defendant removed the case to this Court.

This case involves the interaction between Plaintiff and a competitive electricity supply company, the Defendant.  Plaintiff alleges the Defendant enrolled him in Defendant's electricity supply service on or about January 14, 2013 via "slamming." Compl. ¶¶ 23-24, 26, 37.  "'Slamming' refers to a supplier enrolling a customer without the customer's permission or re-enrolling a customer after a customer has terminated service." *In Re Starion Energy Pa, Inc.*, 86211, 2014 WL 1386410, at *1 n.1 (Md. Pub. Serv. Comm'n Mar. 7, 2014).  Plaintiff alleges that "[o]n or about December 2, 2014 Liberty Power sent Mr. Ndzerre a purported renewal notice which automatically renewed his January 14, 2013 disclosure unless he responded by a deadline." Compl. ¶ 30.  Plaintiff alleges the renewal notice violated Md. Code Regs. ("COMAR") 20.53.07.08(D)(1), which provides: "A supplier shall provide a customer with a notice of the pending renewal of an evergreen contract 45 days before the automatic renewal is scheduled to occur." Compl. ¶¶ 31-32.

Plaintiff's Complaint has five counts: (1) Count I - a claim under the Maryland Uniform Declaratory Judgment Act; (2) Count II - a claim of unjust enrichment for the purported "Slamming Class;" (3) Count III - a claim of unjust enrichment for the purported "Renewal Class;" (4) Count IV - a claim under the Maryland Door-to-Door Sales Act, MD. CODE ANN., COM. LAW § 14-304, for the "Slamming Class;" and (5) Count V - a claim under the Maryland Consumer Protection Act, MD. CODE ANN., COM. LAW § 13-301, on behalf of the "Renewal Class."  All of the above claims are time-barred by the Maryland Code and should be dismissed as a matter of law.  MD. CODE ANN., CTS. & JUD. PROC. § 5-101 provides: "A civil action at law shall be filed within three years from the date it accrues unless another provision of the Code

provides a different period of time within which an action shall be commenced."[1]  Furthermore,

Count III, a claim of unjust enrichment based on an alleged violation of COMAR

20.53.07.08(D)(1), fails to state a claim upon which relief can be granted because Plaintiff

received his renewal notice "… 45 days before the automatic renewal [was] scheduled to occur"

and thus Liberty Power complied with the COMAR.  Plaintiff's entire complaint should be

dismissed with prejudice.

## II.   Argument

### A. All of Plaintiff's Claims are Time-Barred

The operative question for a statute of limitations analysis is the date on which the claim

accrued.  Generally, a claim accrues when the plaintiff is harmed.  Plaintiff here, however,

appears to rely upon the "discovery rule," an exception to the general rule, which operates to

delay the accrual date "until such time as the potential plaintiff either discovers his or her injury,

or should have discovered it through the exercise of due diligence." *Mercantile Place #1 L.P. v.*

*Renal Treatment Centers-Mid Atl., Inc.*,No. PX 17-1266, 2017 U.S. Dist. LEXIS 184968, at *11

(D. Md. Nov. 8, 2017) (quotation omitted).  The discovery rule provides that a "cause of action

accrues when the claimant in fact knew or reasonably should have known of the wrong."

*Boardley v. Household Fin. Corp. III*, 39 F. Supp. 3d 689, 713 (D. Md. 2014).  For purposes of

the discovery rule, depending on the circumstances, "inquiry notice" is sufficient to trigger the

statute of limitations. *Zos v. Wells Fargo Bank, N.A.*, GJH-16-00466, 2017 U.S. Dist. LEXIS

7247, at *8 (D. Md. 2017).  Being on "inquiry notice 'means having knowledge of circumstances

which would cause a reasonable person in the position of the plaintiffs to undertake an

investigation which, if pursued with reasonable diligence, would have led to knowledge of the

---

[1] None of Plaintiff's claims are specialties subject to a 12-year statute of limitations under MD. CODE ANN., CTS. & JUD. PROC. § 5-102.

alleged [cause of action].'" *Green v. Pro Football, Inc.*, 31 F. Supp. 3d 714, 723 (D. Md. 2014); *Borlo v. Navy Fed. Credit Union*, DKC 11-1168, 2011 U.S. Dist. LEXIS 99170, at *13 (D. Md. 2011).

> ### i. Count I: Plaintiff Filed His Complaint More than Three Years After Any Alleged Slamming or Renewal Violations and Thus any claims Under the Maryland Uniform Declaratory Judgment Act are Time-Barred

Count I, seeking relief under the Maryland Uniform Declaratory Judgment Act, is time-barred because any allegations related to slamming or the December 2, 2014 renewal notice occurred more than three years before Plaintiff filed his Complaint. The Maryland Uniform Declaratory Judgment act has a three-year statute of limitations. *Warrington Condo. Council, Inc. v. Margery Singer Dannenberg Pers. Residence Tr.,* No. 1451 SEPT TERM 2016, 2018 WL 272115, at *7 (Md. Ct. Spec. App. Jan. 3, 2018) ("We are of the opinion that the period of limitations applicable to ordinary actions at law and suits in equity should be applied in like manner to actions for declaratory relief. Thus, if declaratory relief is sought with reference to an obligation which has been breached and the right to commence an action for coercive relief upon the cause of action arising therefrom is barred by the statute, the right to declaratory relief is likewise barred") (citing *Commercial Union Ins. Co. v. Porter Hayden Co.*, 116 Md.App. 605, 659, 698 A.2d 1167, *cert. den.* 348 Md. 205, 703 A.2d 147 (1997) (quoting *Maguire v. Hibernia Savings & Loan Soc.*, 23 Cal.2d 719, 146 P.2d 673, 681 (1944)). The *Warrington* Court further held: "Once the [Plaintiff's] breach of contract claim was found to be time-barred, **the controversy between the parties ceased to exist, and the request for declaratory relief was likewise time-barred and moot**. As a result, the circuit court did not err in declining to declare the rights and duties of the parties." *In Warrington Condo. Council, Inc.*, 2018 WL 272115, at *7

(emphasis added); *see Am. Home Assur. Co. v. Osbourn*, 47 Md. App. 73, 87, 422 A.2d 8, 16

(Md. Ct. Spec. App. 1980) (three-year statute of limitations for declaratory judgment action).

   As to the "Slamming Class," Plaintiff alleges that unbeknownst to him, he was

"slammed" on or about January 14, 2013. Compl. ¶¶ 23-24, 26, 37.  In an attempt to save his

claim, Plaintiff then avers "[s]ometime after January 14, 2013 but less than three years before the

commencement of this action Mr. Ndzerre became aware that Liberty Power had slammed his

account…." *Id.* at 28.  However, this vague conclusory allegation and attempt to plead the

discovery rule is belied by Plaintiff two paragraphs later: "On or about December 2, 2014

Liberty Power sent Mr. Ndzerre a purported renewal notice which automatically renewed his

January 14, 2013 disclosure unless he responded by a deadline."  *Id.* at 30. *see* **Exhibit A** to

Def.'s Mem. of P. & A. in Supp. of Def.'s Mot. to Dismiss Pl.'s Compl., December 2, 2014

Renewal Notice.[2]  Thus, at the very latest, Mr. Ndzerre became aware, or at the very least had

inquiry notice, he was "Slammed," and his cause of action under Count I accrued upon receipt of

the December 2, 2014 Renewal Notice.  Since Plaintiff filed his Complaint on December 19,

2017, his claim for declaratory relief for the "Slamming Class" is time-barred.

---

[2] Although not attached to the Complaint, the Court can rely on the often referenced December 2, 2014 renewal notice attached hereto as **Exhibit A** because it was integral and explicitly relied on in the Complaint.  When "a defendant attaches a document to its motion to dismiss, 'a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity.'" *Am. Chiropractic Ass'n, Inc. v. Trigon Healthcare Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (citing *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir.1999)).  To be "integral," a document must be one "that by its 'very existence, and not *the mere information it contains*, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis in original). *See Belrose v. Hartford Life & Acc. Ins. Co.*, 478 F. App'x 21, 22 (4th Cir. 2012) (considering Defendant's document and not converting a motion to dismiss to a motion for summary judgment); *Copeland v. Bieber*, 789 F.3d 484, 490 (4th Cir. 2015); *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011) ("In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint") (citing *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007)).

As to the "Renewal Class," Plaintiff alleges that "[o]n or about December 2, 2014 Liberty Power sent Mr. Ndzerre a purported renewal notice which automatically renewed his January 14, 2013 disclosures unless he responded by a deadline." Compl. ¶ 30.  *See* **Exhibit A**.  Because Plaintiff filed his Complaint on December 19, 2017, all of these events occurred beyond the applicable three-year statute of limitations.  As such, Count I, Plaintiff's request for a declaratory judgment for the "Slamming Class" and "Renewal Class," is time-barred and should be dismissed with prejudice.

### ii.  Counts II and III: Plaintiff's Claims for Unjust Enrichment for the Purported "Slamming Class" and "Renewal Class" Are Time-Barred

Both the "Slamming Class" and "Renewal Class" allegations are outside Maryland's three-year statute of limitations for unjust enrichment claims and should be dismissed.  Maryland has a "three-year statute of limitations for unjust enrichment claims 'at law….'" *Elat v. Ngoubene*, 993 F. Supp. 2d 497, 534 (D. Md. 2014) (citing *Ahmad v. Eastpines Terrace Apts., Inc.*, 200 Md.App. 362, 28 A.3d 1, 9 (Md. Ct. Spec. App. 2011)); *Jason v. Nat'l Loan Recoveries, LLC*, 227 Md. App. 516, 528, 134 A.3d 421, 428 (2016) ("The twelve-year statute of limitations, therefore, is not applicable to the unjust enrichment claim.  Instead, the three-year statute of limitations set forth in CJP § 5–101 controls"); *id.* at 529, 429 ("… [I]n Maryland, a claim for unjust enrichment that seeks the remedy of restitution of money is subject to the general three-year statute of limitations…)" (citations omitted).

The same facts that bar Count I bar Plaintiff's unjust enrichment claims for the "Slamming Class" and the "Renewal Class."  Plaintiff alleges he was "slammed" on or about January 14, 2013. Compl. ¶¶ 23-24, 26, 37.  Plaintiff further alleges "[o]n or about December 2, 2014 Liberty Power sent Mr. Ndzerre a purported renewal notice which automatically renewed his January 14, 2013 disclosures unless he responded by a deadline." Compl. ¶ 30.  *See* **Exhibit**

**A**.  Upon receipt of the December 2, 2014 letter, any cause of action for unjust enrichment for any "Slamming Class" and "Renewal Class" accrued.  Thus, his December 19, 2017 Complaint is beyond the three-year statute of limitations and Counts II and III should be dismissed with prejudice.[3]

### iii. Count IV: Plaintiff's Claims under the Maryland Door-to-Door Sales Act for the "Slamming Class" are Time-Barred

Count IV, Plaintiff's claims under the Maryland Door-to-Door Sales Act for the "Slamming Class," are time-barred for the same reasons.  "A civil action at law shall be filed within three years from the date it accrues unless another provision of the Code provides a different period of time within which an action shall be commenced." MD. CODE ANN., CTS. & JUD. PROC. § 5-101.  The Maryland Code does not provide a different period of time for commencement of a civil action of Door-to-Door Sales Act. *See* MD. CODE ANN., COM. LAW § 14-304, "Civil Liability" (authorizing a private cause of action under the Act but not providing for an alternative statute of limitations).

The same facts that make Count I time-barred make Count IV time-barred.  Plaintiff states he was "slammed" on or about January 14, 2013. Compl. ¶¶ 23-24, 26, 28, 29.  Plaintiff then states "[o]n or about December 2, 2014 Liberty Power sent Mr. Ndzerre a purported renewal notice which automatically reviewed his January 14, 2013 disclosure unless he responded by a deadline." *Id.* at 30.  *See* **Exhibit A**.  Thus, at the very latest, any cause of action under the Door-to-Door Sales Act accrued when Plaintiff received the Renewal Notice.  Since

---

[3] Defendant further avers there cannot be a "Renewal Class" because there is no private right of action under COMAR 20.53.07.08(D)(1).  The Maryland Regulations, Title 20 Public Service Commission, Subtitle 53 Competitive Electricity Supply, Chapter 07 Residential Customer Protection, do not create a private right of action.  Instead, any violations of this COMAR would be, as indicated in the Title, addressed through the Maryland Public Service Commission.

Plaintiff filed his Complaint on December 19, 2017, his claim under the Door-to-Door Sales Act is time-barred and Count IV should be dismissed with prejudice.

### iv.  Count V: Plaintiff's Claims under the Maryland Consumer Protection Act on Behalf of the "Renewal Class" are also Time-Barred

Plaintiff's claim under the Maryland Consumer Protection Act is time-barred because it was filed more than three years after Plaintiff had notice of the claim.  Plaintiff alleges "[o]n or about December 2, 2014 Liberty Power sent Mr. Ndzerre a purported renewal notice which automatically renewed his January 14, 2013 disclosures unless he responded by a deadline." Compl. ¶ 30.  "Claims based on the MCPA are subject to a three-year period of limitations." *Walton v. Network Sols.*, 221 Md. App. 656, 674, 110 A.3d 756, 767 (2015) (citing *Master Fin., Inc. v. Crowder*, 409 Md. 51, 65, 972 A.2d 864 (2009) and *Greene Tree Home Owners Ass'n, Inc. v. Greene Tree Assocs.*, 358 Md. 453, 480, 749 A.2d 806 (2000)); *Ayres v. Ocwen Loan Servicing, LLC*, 129 F. Supp. 3d 249, 272 (D. Md. 2015) ("Claims under the MCPA and MCDCA are subject to a three-year statute of limitations.") (citing MD.CODE ANN., CTS. & JUD. PROC. § 5–501 and *Boardley*, 39 F.Supp.3d at 714; MD. CODE ANN., COM. LAW § 13-408 (authorizing a private cause of action under the MCPA but not providing for an alternative to the default Maryland three-year statute of limitations); *see also Braan v. Wells Fargo Home Mortg., Inc. by Wells Fargo Bank, N.A.*, No. 17-CV-0380(PX), 2017 WL 3315253, at *4 (D. Md. Aug. 3, 2017) (citing *Walton*'s MCPA dismissal with approval).

As noted *supra*, Plaintiff filed his Complaint on December 19, 2017, 3 years and 17 days after the December 2, 2017 Renewal Notice.  Plaintiff's claim is not timely and should be dismissed with prejudice.

**B.   Count III Fails to State a Claim Upon Which Relief Can Be Granted for Unjust Enrichment for the "Renewal Class"**

In addition, Plaintiff fails to state a claim upon which relief can be granted for unjust enrichment for the "Renewal Class" because Liberty Power complied with the applicable COMAR provision.  A complaint must allege facts that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  This standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  A plaintiff's factual allegations contained in a complaint must be specific enough to cross "the line from conceivable to plausible." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Twombly*, 550 U.S. at 556.  "Where a complaint pleads facts that are 'merely consistent with' defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.*, quoting *Twombly*, 550 U.S. at 557.  A complaint that states "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" does not survive dismissal. *Id.* at 678.

"The Maryland Court of Appeals has defined unjust enrichment as constituting three elements: (1) A benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge by the defendant of the benefit; and (3) the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value." *Doe v. Gormley*, No. CV ADC-15-2183, 2016 WL 4400301, at *7 (D. Md. Aug. 17, 2016) (citing *County Comm'rs v. J. Roland Dashiell & Son, Inc.*, 358 Md. 83, 95 (2000)); *Orteck Int'l Inc. v. Transpacific Tire Wheel, Inc.*, 704 F. Supp. 2d 499, 517 (D. Md. 2010), *aff'd sub nom. Orteck Int'l v. TransPacific Tire & Wheel, Inc.*, 457 F.

9

App'x 256 (4th Cir. 2011) (same); *All-U-Need Temp. Servs. Inc. v. First Transit, Inc.*, No. CIVA DKC 09-3229, 2010 WL 2560089, at *5 (D. Md. June 18, 2010) (same) (citing *Sensormatic Sec. Corp. v. Sensormatic Elec. Corp.*, 249 F. Supp.2d 703, 708 (D. Md. 2003)).

There is no inequity because Liberty Power complied with COMAR 20.53.07.08(D)(1), which provides: "A supplier shall provide a customer with a notice of the pending renewal of an evergreen contract 45 days before the automatic renewal is scheduled to occur." Plaintiff alleges on December 2, 2014, Liberty Power sent him a notice that "… his purported agreement would end 2/2015…". Compl. ¶¶ 30, 32. Plaintiff then avers Liberty Power violated COMAR 20.53.07.08(D)(1) because the notice "… did not specify an actual expiration date 45 days before the automatic renewal…". *Id.* at 31-32. However, no such requirement exists and Plaintiff inappropriately adds language into the regulation to create a purported cause of action.

Considering the facts in the most favorable light to Plaintiff, Liberty Power advised him on December 2, 2014 that his agreement would end on February 1, 2015, or **61 days** from the date of the letter. Liberty Power complied with COMAR 20.53.07.08(D)(1) because the regulation has no language requiring an exact date be provided. *See Gardner v. State*, 420 Md. 1, 9, 20 A.3d 801, 806 (2011) ("We neither add nor delete language so as to reflect an intent not evidenced in the plain and unambiguous language of the statute, and we do not construe a statute with forced or subtle interpretations that limit or extend its application") (quoting *State v. Johnson*, 415 Md. 413, 421, 2 A.3d 368 (2010)); *Dakrish, LLC v. Raich*, 209 Md. App. 119, 138, 58 A.3d 482, 493 (Md. Ct. Spec. App. 2012) ("In construing a statute, we will neither 'add nor delete words to a clear and unambiguous statute to give it a meaning not reflected by the words the Legislature used or engage in forced or subtle interpretation in an attempt to extend or limit the statute's meaning.'") (quoting *Taylor v. NationsBank, N.A.*, 365 Md. 166, 181, 776 A.2d 645,

655 (2001)); *Lipitz v. Hurwitz*, 435 Md. 273, 289, 77 A.3d 1088, 1097 (2013) ("The sellers'

desired construction of the Act would require us to add language to the statute that is not already

there, violating one of the cardinal rules of statutory interpretation") (citations omitted).

Maryland jurisprudence is clear that the requirement of an exact date for a renewal notice cannot

be read into the statute.  As such, for this separate independent reason, this count should be

dismissed with prejudice.

## III.    Conclusion

For all of the foregoing reasons, Defendant asks that the Complaint be dismissed in its

entirety with prejudice, that leave to amend the Complaint be denied, and for any other relief the

Court deems just and proper.


Dated:  February 21, 2018                              Respectfully submitted,

**ECKERT SEAMANS CHERIN
&MELLOTT, LLC**

*/s/ Jeffrey P. Brundage*
Charles A. Zdebski (USDC MD Bar No. 13840)
Mark A. Johnston (USDC MD Bar No. 15973)
Jeffrey P. Brundage (USDC MD Bar No. 18240)
1717 Pennsylvania Avenue, N.W.
12th Floor
Washington, D.C. 20006
Tel: 202-659-6676
Fax: 202-659-6699
czdebski@eckertseamans.com
mjohnston@eckertseamans.com
jbrundage@eckertseamans.com
*Attorneys for Defendant Liberty Power Corp., LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the February 21, 2018, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

> Phillip R. Robinson, Esq.
> Consumer Law Center LLC
> 8737 Colesville Road, Suite 308
> Silver Spring, MD 20910
> phillip@marylandconsumer.com
> *Counsel for Plaintiff*

> */s/ Jeffrey P. Brundage*
> Jeffrey P. Brundage