IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| | * | |
| HABAKUK NDZERRE, | | |
| *On his behalf and on behalf* | * | |
| *of a class of similarly situated* | | |
| *persons* | * | |
| | | |
| Plaintiffs, | * | |
| | | |
| v. | * | Civil Action No. PX-18-460 |
| | | |
| | * | |
| LIBERTY POWER CORP., LLC, | | |
| | * | |
| Defendant. | | |

******

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff HABAKUK NDZERRE's motion to remand this action

to the Circuit Court for Montgomery County, Maryland, ECF No. 18, and Defendant LIBERTY

POWER CORP., LLC's motion to dismiss for failure to state a claim, ECF No. 17. The motion

to remand is fully briefed, and the Court rules under Loc. R. 105.6 because a hearing is not

necessary. For the reasons that follow, the Court GRANTS Ndzerre's motion and remands this

case to the Circuit Court for Montgomery County, Maryland for further proceedings. The Court

denies Defendant's motion to dismiss as moot.

**I.      BACKGROUND**

On December 19, 2017, Plaintiff Habakuk Ndzerre ("Ndzerre") filed this action in the

Circuit Court for Montgomery County, Maryland ("Montgomery County Circuit Court"). In the

Complaint, Ndzerre asserts individual and class claims against Defendant Liberty Power Corp.

LLC ("Liberty Power") under the Maryland Uniform Declaratory Judgment Act, the Maryland

Door-to-Door Sales Act, and the Maryland Consumer Protection Act. The Complaint also

1

asserts common law claims for unjust enrichment.  *See* ECF No. 2.  The claims stem from

Liberty Power's alleged practice of signing up consumers for electricity service without the

consumer's knowledge or consent, a practice known as "slamming."  *Id.* at ¶ 2, 4.  Specifically,

Ndzerre alleges that Liberty Power used pre-printed forms and disclosures to "slam" consumers

with its services, and forged Ndzerre's signature on a pre-printed form.  *Id.* at ¶¶ 22–26.  Ndzerre

further alleges that Liberty Power provided him with a renewal notice that did not comply with

Maryland law.  *Id.* at ¶¶ 30–32.  Ndzerre previously obtained a ruling in his favor regarding one

or more of these claims from the Maryland Public Service Commission.  *Id.* at ¶ 33.

The Complaint proposes two classes: a "Slamming Class," consisting of persons in the

State of Maryland that were solicited by Liberty Power with pre-printed, legally insufficient

forms, and an "Improper Renewal Class," comprised of "members for whom Liberty Power

automatically renewed for its electrical supply services but [] failed to specify the specific

renewal date."  *Id.*  at ¶¶ 37–38.  All claims in the Complaint are brought for Ndzerre

individually and on behalf of one or both of the proposed classes.  *See generally* ECF No. 2.

On February 14, 2018, Liberty Power timely removed the case to this Court, asserting

jurisdiction pursuant to 28 U.S.C. § 1332(a), "due to diversity of citizenship of the parties and an

amount in controversy that exceeds the jurisdictional amount."  ECF No. 1 at ¶ 2.  Liberty Power

then moved to dismiss the claims.  ECF No. 17.  On March 7, 2018, Ndzerre, individually and on

behalf of the putative classes, moved to remand the case to Montgomery County Circuit Court.

ECF No. 18.  The Court stayed briefing on Defendant's motion to dismiss pending the resolution

of the remand motion.  ECF No. 23.

## II.     STANDARD OF REVIEW

State court actions which originally could have been filed in federal court may be removed pursuant to 28 U.S.C. § 1441.  *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987); *Mulcahey v. Columbia Organic Chemicals Company, Inc.*, 29 F.3d 148, 151 (4th Cir. 1994).  A defendant seeking removal "shall file in the district court of the United States . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleading, and orders served upon such defendant or defendants in such action."  28 U.S.C. § 1446(a).  A notice of removal is not required "to meet a higher pleading standard than the one imposed on a plaintiff in drafting an initial complaint."  *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008).  However,  "[i]f a plaintiff files suit in state court and the defendant seeks to adjudicate the matter in federal court, through removal, it is the defendant who carries the burden of alleging in his notice of removal, and if challenged, demonstrating the court's jurisdiction over the matter."  *Strawn v. AT&T Mobility, LLC*, 530 F.3d 293, 297 (4th Cir. 2008) (citing *Ellenburg*, 519 F.3d at 200).   Removal statutes are strictly construed, and all doubts are resolved in favor of remanding the case to state court.  *See Md. Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255, 260 (4th Cir. 2005).

## III.     ANALYSIS

Liberty Power solely invokes diversity jurisdiction under 28 U.S.C. § 1332(a).[1]  "A defendant seeking to remove a class action pursuant to 28 U.S.C. § 1332(a) must allege (1)

---

[1] Liberty Power could have sought removal pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  *See generally Covert v. Automotive Credit Corp.*, 968 F. Supp. 2d 746 (D. Md. 2013) (analyzing jurisdiction under both § 1332(a) and CAFA, § 1332(d)); *see also Hafford v. Equity One, Inc.*, No. AW-07-1633, AW-06-0975, 2008 WL 906015, at *2 (D. Md. Mar. 31, 2008) (same).  This the Defendant did not do. *See* ECF No. 1; *Strawn v. AT&T Mobility, LLC*, 530 F.3d 293, 298 (4th Cir. 2008) ("[T]he party seeking to invoke federal jurisdiction [under CAFA] *must allege it in his notice of removal* and, when challenged, demonstrate the basis for

diversity of citizenship between the named plaintiff and the defendant, and (2) that the "matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs" for at least one member of the putative class." *Covert v. Automotive Credit Corp.*, 968 F. Supp. 2d 746, 751 (D. Md. 2013) (internal quotations and citation omitted). Accordingly, the Court must determine whether, at the time the Complaint was filed, the facts as alleged in the Complaint establish diversity jurisdiction for the class.[2] *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 390 (1998). Defendants invoking § 1332(a) cannot aggregate class members' damages to meet the $ 75,000 amount in controversy requirement. *See Covert*, 968 F. Supp. 2d at 751 (citing *Exxon Mobil Corp v. Allapattah Serv.*, 545 U.S. 546 (2005)). Where, as here, "'a plaintiff's complaint does not allege a specific amount in damages,' a different standard applies: the proponent of jurisdiction must 'prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum." *Martin v. Martin*, No. ELH-16-1732, 2016 WL 3362662, at *4 (D. Md. June 16, 2016) (citing *Momin v. Maggiemoo's Int'l, LLC*, 205 F. Supp. 2d 506, 510 (D. Md. 2002); *see also Covert*, 968 F. Supp. 2d at 751 ("[I]f a plaintiff files suit in state court and the defendant seeks to adjudicate the matter in federal court, through removal, it is the defendant who carries the burden of alleging in his notice of removal, and if challenged, demonstrating the court's jurisdiction over the matter.' ") (citing *Strawn*, 540 F.3d at 297).

It is undisputed that the parties are diverse in state citizenship. The parties vigorously disagree, however, about whether the amount-in-controversy exceeds $75,000. *See* ECF Nos. 18, 24, 25. *Id.* Liberty Power argues that the Complaint "plainly alleges damages on behalf of

---

federal jurisdiction.") (emphasis added); *accord Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553–54 (2014).

[2] The Court has not considered the affidavits submitted with Ndzerre's motion to remand, *see* ECF Nos. 18-2 & 18-3, because it is clear from the face of the Complaint that Defendants improperly removed this case.

the Plaintiff in excess of $75,000." ECF No. 24 at 1; *see also* ECF No. 2 at ¶ 5. The relevant paragraphs of the Complaint read:

- "WHEREFORE, Named Plaintiff and Slamming Class members pray that this Court: . . . Grant a money judgment and order Defendant Liberty Power to disgorge and pay to the Slamming Class members all amounts it has collected from the Slamming Class members and the benefits it has realized as a result of collecting illegal sums based upon improper disclosures in a sum in excess of $75,000.00;

- WHEREFORE, Named Plaintiff and Improper Renewal Class members pray that this Court: . . . Grant a money judgment and order Defendant Liberty Power[ ] to disgorge and pay to the Improper Renewal Class members the benefits it has realized as a result of its improper renewals in violation of Md. Code. Regs 20.53.07.08(D)(1) a sum in excess of $75,000.00;

- WHEREFORE, Named Plaintiff and Slamming Class Members pray that this Court: . . . Grant a money judgment in favor of the Named Plaintiff and the Slamming Class members and against Liberty Power for violations of the Door to Door Sales Act, as described herein, in such amount to be determined at trial and for purposes of a sum certain directly related to improper assessment of charges and fees by Liberty Power against the Named Plaintiff's and Slamming Class utility accounts, subject to further discovery as to the size of the class, the amount sought on behalf of the class is in excess of $75,000.00;

- WHEREFORE, Named Plaintiff and Improper Renewal Class Members pray that this Court: . . . Grant a money judgment in favor of the Named Plaintiff and the Improper renewal Class members and against Liberty Power for violations of the MCPA, as described herein, in such amount to be determined at trial and for purposes of a sum certain directly related to improper renewals by Liberty Power against the Named Plaintiff's and Improper Renewal Class utility accounts, subject to further discovery as to the size of the class, the amount sought on behalf of the class is in excess of $75,000.00.

*See* ECF No. 2 at ¶¶ 64(b), 70(b), 76(b), 84(b).

The Court cannot agree with Liberty Power. The disputed damages clauses plainly request judgment in excess of $75,000 for Ndzerre *in combination with* the putative class members. *See* ECF No. 2 at ¶¶ 64(b), 70(b), 76(b), 84(b). The damages clauses do not specify an individual amount-in-controversy for Ndzerre alone, or for any other class member individually. *See id.* Liberty Power also presents no facts in its notice of removal or in its opposition to the remand motion demonstrating that Ndzerre's amount-in-controversy exceeds

$75,000.  *See* ECF Nos. 1 & 24.  Instead, Liberty Power urges this Court to find that the Complaint's clause, "in excess of $75,000," applies to Ndzerre's claims alone, even though no fair reading of the Complaint supports Liberty Power's position.  *See* ECF No. 24.  Because all doubts regarding jurisdiction must be construed in favor of the party opposing removal, the Court will not read the Complaint to defy its plain meaning.  *See Ellerbe Becket*, 407 F.3d at 260.

Liberty Power next argues that the amount-in-controversy requirement may be satisfied by the potential award of "attorneys' fees under the Maryland Uniform Declaratory Judgment Act and the Maryland Consumer Protection Act."  *Id.* at 5.  Liberty Power, however, does not state in the notice of removal that a potential statutory awards of attorneys' fees in part satisfies the jurisdictional amount, nor has Liberty Power moved to amend the notice of removal to include attorneys' fees in the amount-in-controversy calculations.  *See* ECF Nos. 2 & 24.  Rather, Liberty Power's notice states only that Ndzerre's "money damages" exceed $75,000.  *See* ECF No. 1 at ¶ 5.

Courts typically limit the facts surrounding jurisdictional disputes to those set forth in the notice of removal.  *See, e.g. Johnson v. Nutrex Research, Inc.*, 429 F. Supp. 2d 723, 726–28 (D. Md. 2006) (citing cases)).  At best, Liberty Power has provided a speculative and unsupported assertion that some unspecified amount of attorneys' fees — as to the entire class — will exceed $75,000.  Liberty Power so asserts without any particular justification for why attorneys fees will, as a matter of fact, push Ndzerre's damages to over $75,000.  *See Kelly v. Bank of America, N.A.*, 2013 WL 3168018, at *3 (D. Md. June 18, 2013) (granting motion to remand because defendants did not show by a "preponderance of the evidence," that the award of attorneys'' fees would exceed the difference between the jurisdictional threshold and plaintiff's actual damages); *compare Francis v. Allstate Ins. Co.*, 869 F. Supp. 2d 663, 669–70 (D. Md. 2012) (considering

attorneys' fees to meet the amount-in-controversy requirement where the plaintiff sought a declaratory judgment for their legal costs in a separate action and the costs of bringing the declaratory judgment, and the parties agreed that plaintiffs had already incurred $66,347 in the underlying tort action); *Williams v. Bank of New York Mellon*, No. CCB-13-680, 2013 WL 2422895, at *2–*3 (denying remand where the plaintiff claimed $65,000 in actual damages, and defendant provided evidence of attorneys' fees and an affidavit regarding the plaintiff counsel's law firm specifying typical costs exceeding $10,000). Accordingly, Liberty Power's attorneys' fees argument does not change the Court's remand analysis.

## IV.     CONCLUSION

Liberty Power failed to sustain its burden of showing by a preponderance of the evidence that diversity jurisdiction in this Court is proper. Accordingly, Ndzerre's motion to remand is GRANTED.

It is this 12th day of June, 2018, ORDERED by the United States District Court for the District of Maryland:

1.      Plaintiff HABAKUK NDZERRE's Motion to Remand, ECF No. 18, is GRANTED;

2.      The pending motion at ECF No.17 is DENIED as MOOT;

3.      All further proceedings are remanded to the Circuit Court for Montgomery County, Maryland; and

4.      Copies of this Memorandum Opinion and Order shall be transmitted to the parties and the Clerk of the Court for the Circuit Court for Montgomery County, Maryland, and the Clerk of Court shall transmit the record herein to the Clerk of the Circuit Court for Montgomery County, Maryland; and

5.      The Clerk shall CLOSE this case.

 6/12/18                                          _____/s/_____
Date                                             Paula Xinis
                                                 United States District Judge